UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-40033 |
| ) | |
| KIM LEE MILLBROOK, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION

This matter is now before the Court on Petitioner Kim Lee Millbrook's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (D. 180) and Amended/Supplemental Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (D. 191). For the reasons stated herein, Petitioner's Motions are DENIED.

## PROCEDURAL BACKGROUND

On March 20, 2006, Petitioner was indicted in this Court for felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2) and possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (D. 1). On January 18, 2007, a Superseding Indictment was filed charging Petitioner with felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2) ("Count I"), possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) ("Count II"), witness tampering in violation of 18 U.S.C. §§ 1512(b)(1) and (2) ("Count III"), witness tampering in violation of 18 U.S.C. §§ 1512(b)(1) and (2) ("Count IV"), witness tampering in violation of 18 U.S.C. §§ 1512(b)(1) and (2) ("Count V"), and witness retaliation in violation of 18 U.S.C. § 1513(b)(2) ("Count VI"). (D. 39).

On March 15, 2007, a jury found Petitioner guilty on all six counts. (D. 70; *see also* Minute Entry dated 3/15/2007). On August 14, 2007, Petitioner was sentenced to the custody of the Bureau of Prisons ("BOP") for 372 months on each of Counts I and II and 120 months on each of Counts III, IV, V, and VI, to run concurrently to each other and concurrently with Counts I and II. (D. 101). Petitioner was placed on supervised release for five years on Count I, eight years on Count II, and three years on Counts III, IV, V, and VI, all to run concurrently. *Id*.

Petitioner appealed. (D. 104). On January 23, 2009, the United States Court of Appeals for the Seventh Circuit affirmed his convictions and sentence. (D. 125; *see also United States v. Millbrook*, 553 F.3d 1057 (7th Cir. 2009) *overruled by United States v. Corner*, 598 F.3d 411 (7th Cir. 2010), insofar as the district court was entitled to disagree with career-offender guideline.).

On June 19, 2009, Petitioner filed what was deemed his initial Motion to Vacate, Set Aside, or Correct Sentence under § 2255[1]. *Millbrook v. United States*, ILCD Case No. 09-4044 ("Initial § 2255 Case"). In his Initial § 2255 case, Petitioner alleged that this Court lacked jurisdiction to convict him. *See* Initial § 2255 Case, (D. 1). Petitioner appealed the Court's Order denying his initial Motion, and the Seventh Circuit denied his request for certificate of appealability and dismissed the case. Initial § 2255 Case, (D. 40).

Four years later, Petitioner again sought permission from the Seventh Circuit to file a successive § 2255 motion based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), and alleged he no longer met the criteria for the armed career criminal enhancement on Count I or the career offender enhancement on Count II. (Seventh Cir. Case No. 16-2243). On June 9, 2016, this Court received notice that the Seventh Circuit had granted

---

[1] Petitioner filed a prior Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 on January 25, 2008. *See Millbrook v. United States,* ILCD Case No. 08-4006. The Court dismissed the case without prejudice finding that it was filed prematurely as the Seventh Circuit had not decided his direct appeal.

Petitioner's application so that Petitioner could challenge his designation as an armed career criminal under 18 U.S.C. § 924(e), as the enhancement with respect to Count I could be incompatible with *Johnson*. *Millbrook v. United States,* ILCD Case No. 16-4113 ("Second § 2255 Case"), (D. 1). The Seventh Circuit found that Petitioner's prior convictions for drug trafficking and home invasion remained valid predicates for the career offender enhancement under U.S.S.G. § 4B1.2(b), a provision unaffected by *Johnson* and rejected Petitioner's challenge to Count II. *Id.*

This Court, in turn, held that Petitioner was not an armed career criminal and granted his second § 2255 motion as to Count I. Second § 2255 Case, (D. 21). Despite the Seventh Circuit denying authorization for the Petitioner to file a "second or successive" collateral attack regarding his career offender enhancement on Count II, Petitioner included this argument in his Second § 2255 Case, which this Court declined to consider. *Id.* On August 3, 2017, this Court proceeded to resentence Petitioner to 120 months on the firearm-possession count ("Count I") and reduced Petitioner's term of supervised release on Count I to three years. (*See* Minute Entry dated 08/03/2017). An Amended Judgment was entered on August 4, 2017. (D. 131). Petitioner was advised of his appeal rights but did not file an appeal.

Starting on January 15, 2019, Petitioner filed several motions to reduce sentence under Section 404(b) of the First Step Act arguing that the statutory penalty for distributing crack cocaine under § 841(b)(1)(B) was modified by section 2 the Fair Sentencing Act. (D. 135, 137, 139, 155, 162, 163, 165, 167). On October 9, 2020, an Order was entered denying these motions. (D. 174). The Court found that while Petitioner was eligible for a reduced sentence under the First Step Act, to do so would not be in the interest of justice and that his sentence was appropriate due to Petitioner's significant criminal history and conduct while incarcerated. *Id*. The Court left Petitioner's 372-month sentence on Count II intact. *Id.*

On October 15, 2020, Petitioner filed a motion for reconsideration of his First Step Act motions, arguing for the first time based on *United States v. Ruth,* 966 F.3d 642 (7th Cir. 2021), that his prior Illinois drug convictions should not have enhanced his sentence. (D. 175). On December 10, 2020, the Court granted Petitioner's motion to reconsider on the grounds that new evidence was provided that showed Petitioner's prior convictions involved cocaine, and if sentenced today, the law would only permit a statutory maximum sentence of 240 months on Count II. (D. 181, pp. 4-5). As a result, the Court reduced Petitioner's term of imprisonment on Count II from 372 months to 240 months. *Id.* at p. 6. A Second Amended Judgment was entered on December 11, 2020. (D. 182). No appeal was filed.

While his First Step Act motions were pending, Petitioner filed an application with the Seventh Circuit for an order authorizing leave to file a "second or successive" collateral attack under 28 U.S.C. §§ 2244(b) and 2255(h). (D. 171). In his application, Petitioner challenged this Court's use of the career offender guideline – as distinct from the armed-career-criminal enhancement – at his resentencing. *Id.* at 2. On July 31, 2020, the Seventh Circuit dismissed Petitioner's application as unnecessary, as his most recent § 2255 motion ("Second § 2255 Case") led to resentencing and an Amended Judgment in 2017. *Id.* As a result, the proposed collateral attack on the new sentence was not successive and did not require authorization from the Seventh Circuit. *Id.*

On July 27, 2020, Petitioner filed a third § 2255 Motion, "Third § 2255 Case" again challenging this Court's use of the career offender enhancement on Count II, claiming his prior conviction in Rock Island County Case No. 98-CF-658 for home invasion is not a predicate "crime of violence" under the career offender sentencing guidelines. (D. 160). Specifically, Petitioner argued that his conviction for domestic battery did not constitute a crime of violence under

U.S.S.G. § 4B1.1(a)(3). *Id.* In support, he attached his Motion to Vacate, Set Aside, or Correct Sentence under § 2255 from his Second § 2255 Case, which made the same argument. *Millbrook v. United States,* ILCD Case No. 16-4113, (D. 15). As noted above, this Court previously declined to consider Petitioner's career offender designation because the Seventh Circuit did not authorize such review. Second § 2255 Case, (D. 21).

On November 23, 2020, this Court entered an Order directing the Clerk to file Petitioner's Third § 2255 Case as a pending motion (D. 180), appointed the Federal Public Defender ("FPD") to represent Petitioner, and directed the FPD to file an amended § 2255 motion on his behalf. (D. 179). On February 8, 2021, the FPD filed a motion to withdraw as Petitioner's attorney, stating Petitioner wished to raise a claim of ineffective assistance of counsel against another member of the FPD's Office. (D. 190). On February 10, 2021, the Court entered an Order granting the motion to withdraw and allowed Petitioner until February 24, 2021, to file an amended or supplemental § 2255 motion if he wished to do so. (Text Order, 02/10/2021).

On March 1, 2021, Petitioner filed an Amended/Supplemental Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Amended/Supplemental § 2255 Motion"), challenging the career offender enhancement to Count II under § 4B1.1 and adding for the first time ineffective assistance of trial and appellate counsel claims. (D. 191). The Government filed its Response on April 30, 2021, and Petitioner filed his Reply on May 19, 2021. (D. 196, D. 198). After filing his initial Reply, Petitioner continued to file numerous additional replies and exhibits in support of his Amended/Supplemental § 2255 Motion (*see* D. 199, 201, 202, 203, 204, 205, 206, and 209), which were stricken as improperly filed (*see* Text Orders on 05/25/2021, 05/27/2021, 06/02/2021, and 06/09/2021). This Order follows.

**DISCUSSION**

Petitioner claims that his career offender enhancement was improperly applied and that *Johnson v. United States*, 576 U.S. 591 (2015) should be applied in the career offender context. (D. 191, pp. 6-12). Petitioner also makes a claim of ineffective assistance of counsel against his trial counsel, George Taseff, for allegedly failing to require the Government to prove that the drug Petitioner possessed was crack cocaine. *Id*. at 12-15. Finally, he makes a claim of ineffective assistance of counsel against his appellate counsel in his initial appeal, Abner Mikva, for failure to raise meritorious issues in his direct appeal. *Id*. at 15.

**A. Petitioner's Third § 2255 Case is Barred by the Statute of Limitations.**

The Court need not address the merits of Petitioner's habeas claims because the § 2255 Motion is barred by the statute of limitations. *See* 28 U.S.C. § 2255(f)(1). Section 2255 contains a one-year statute of limitations that runs from the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Amended Judgment in Petitioner's Second § 2255 Case was entered on August 4, 2017. (D. 131). Petitioner had thirty days from the entry of that judgment to file a notice of appeal. Fed. R. App. P. 4(a)(1). Petitioner never filed a notice of appeal; therefore, the conviction became

final when the deadline expired on September 4, 2017. *See Clarke v. U.S.*, 703 F.3d 1098, 1100 (7th Cir. 2013). Under § 2255(f), Petitioner had one year from the date upon which his conviction became final, or until September 4, 2018, to file any § 2255 motions challenging his resentencing, but he failed to do so. It was not until almost two years later, on July 27, 2020, that Petitioner filed his current underlying § 2255 petition. (D. 160). Petitioner also does not claim that any provisions under § 2255(f)(2)-(4) apply, and therefore, this case must be dismissed as untimely. *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2001).

Equitable tolling is a basis on which a movant under § 2255 can "avoid the bar of the statute of limitations." *Clarke,* 703 F.3d at 1101. It is an extraordinary remedy available to a petitioner under § 2255 who shows: "(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Boulb v. U.S.*, 818 F.3d 334, 339 (7th Cir. 2016). Here, Petitioner failed to demonstrate due diligence and has not claimed any extraordinary circumstance that was outside his control for the past several years.

The Court notes that a Second Amended Judgment was entered on December 11, 2020, reducing Petitioner's sentence on Count II after the Court granted Petitioner's motion for reconsideration of his First Step Act motions. (D. 181, D. 182). The Second Amended Judgment was entered *after* Petitioner filed his initial § 2255 motion on July 27, 2020, but *before* he filed his Amended/Supplemental § 2255 Motion on March 1, 2021, in this Third § 2255 Case. (*See.* D. 160, 180 181, 191). The Court does not find the Second Amended Judgment has any effect on the timeliness of Petitioner's Third § 2255 Case. *See United States v. White*, 745 F.3d 834, 837 (7th Cir. 2014) (holding that district court's prior reduction of defendant's sentence based on retroactive change to Sentencing Guidelines did not restart limitations period).

7

Petitioner's Amended/Supplemental § 2255 Motion also does not present a constitutional objection to a newly made error arising from the Second Amended Judgment entered in December 2020. (D. 191). In fact, the Amended/Supplemental § 2255 Motion makes no mention of the sentence reduction he received on Count II. *Id.* Rather, Petitioner realleges the career offender status was improperly applied for the reasons stated above and adds new claims for ineffective assistance of trial and appellate counsel claims as a new basis of relief. *Id*. Not only are the newly added ineffective assistance of counsel claims "second or successive" collateral attacks on Petitioner's underlying conviction, which this Court does not believe it has jurisdiction to address (*see Suggs v. United States,* 705 F.3d 279 (7th Cir. 2013), they also do not arise out of the same "transaction or occurrence" as Petitioner's original claim challenging the Court's use of the career-offender guideline at his 2017 resentencing as required by Federal Rule of Civil Procedure 15.

As a result of the foregoing, Petitioner's § 2255 Motion and (D. 191) Amended/Supplemental § 2255 Motion are untimely and must be dismissed. (D. 180, D. 191).

**B. Even if Petitioner's Third § 2255 Case was not barred by the statute of limitations, his claims are procedurally defaulted and must be dismissed.**

In 2016, Petitioner filed an application with the Seventh Circuit for leave to file a "second or successive petition challenging his status as an armed career criminal and career offender designations. *See Millbrook v. United States,* ILCD Case No. 16-4113 ("Second § 2255 Case"). The Seventh Circuit entered an order allowing him to proceed to challenge his designation as an armed career criminal under 18 U.S.C. § 924(e), but found that Petitioner's prior convictions for drug trafficking and home invasion remained valid predicates for the career offender enhancement under U.S.S.G. § 4B1.2(b), a provision unaffected by *Johnson v. United States,* 135 S. Ct. 2551 (2015). *See* Second § 2255 Case, (D. 1). Petitioner failed to seek appellate review of that decision. Rather, he proceeded to include the career-offender status challenge in his Second § 2255 Case

before this Court, and again declined to appeal this Court's decision not to address that claim on the grounds the Seventh Circuit had not authorized it to do so. Second § 2255 Case, (D. 21, p. 3).

Generally, federal prisoners are barred from raising claims on collateral review that could have been raised on direct appeal. *See Davis v. U.S.,* 417 U.S. 333 (1974). "To excuse a procedural default for cause and prejudice, a petitioner must demonstrate both (1) good cause for his failure to raise the defaulted claim before collateral review and (2) actual prejudice stemming from the violations alleged in the defaulted claim." *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017) (citing *Theodorou v. United States*, 887 F.2d 1336, 1340 (7th Cir. 1989)). Neither situation applies here. Rather, Petitioner appears to be rearguing that *Johnson* should be applied to career offender status. (D. 191, pp. 6-12).

Additionally, while the Court recognizes that the procedural default rule does not always apply to claims of ineffective assistance of counsel not raised on direct appeal, even if the claims could have been raised on direct appeal. *See, e.g., Massaro v. U.S.,* 538 U.S. 500, 504 (2003) ("an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal"). The Court does not find this exception saves his ineffective assistance of counsel claims.

Petitioner had the opportunity, but failed, to raise these claims in both his Initial § 2255 Case in 2009, and in his Second § 2255 Case in 2016. The claims would now be considered a "second or successive" collateral attack on his underlying convictions. Federal courts generally decline "to entertain successive petitions under § 2241 or § 2255, unless the law [has] changed or new facts . . . come to light." *Arnaout v. Marberry*, 351 F. App'x 143, 144 (7th Cir. 2009). A petitioner abuses the federal writ of habeas corpus "by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from

a deliberate choice." *McCleskey v. Zant*, 499 U.S. 467, 489 (1991). Here, Petitioner cannot show cause for failing to raise his ineffective assistance of counsel claims before *this* collateral review motion because he could have raised them in his previous motions.

For the foregoing reasons, Petitioner's claims are procedurally defaulted and must be dismissed.

### C. Petitioner is not entitled to an evidentiary hearing.

Courts should dismiss motions to vacate without a hearing where it plainly appears from the motion, facts, and record that the movant is entitled to no relief. 28 U.S.C. § 2255; Rules Governing § 2255 Cases, Rule 4(b). An evidentiary hearing on a § 2255 motion is not mandatory, and a request for a hearing may be denied if "the record conclusively demonstrates that the defendant is entitled to no relief." *Mitchell v. United States*, 846 F.3d 937, 941 (7th Cir. 2017). Here, the Court finds that an evidentiary hearing is unwarranted. Petitioner's Third § 2255 Case is untimely and his claims of ineffective assistance of counsel are procedurally defaulted. The motion, files, and records of this case conclusively show he is entitled to no relief, and no hearing is required. *See Galbraith v. United States*, 313 F.3d 1001, 1010 (7th Cir. 2002) (affirming district court's decision to forego an evidentiary hearing where petitioner did not provide "specific details").

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 proceedings requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." As such, the Court must determine whether to grant Petitioner a certificate of appealability under 28 U.S.C. § 2253(c)(2).

According to § 2253, a habeas petitioner will only be allowed to appeal issues for which a certificate of appealability has been granted." *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* (citing 28 U.S.C. § 2253(c)). Under this standard, a petitioner must demonstrate that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For cases in which a district court denies a habeas claim on procedural grounds, the habeas court should issue a certificate of appealability only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

Consistent with the discussion above, the Court finds that no reasonable jurist would find that Petitioner's claims were not barred by the statute of limitations. Petitioner had one year from the date his judgment became final to file a habeas petition under § 2255, but he did not do so until approximately two years later, and no exemptions to the applicable statute of limitations apply. Furthermore, Petitioner's claims are procedurally defaulted. Therefore, the Court declines to certify any issues for appeal pursuant to § 2253(c)(2).

## CONCLUSION

For the reasons stated above, Petitioner's [180] Motion to Vacate, Set Aside, or Correct Sentence under § 2255 and [191] Amended/Supplemental Motion to Vacate under § 2255 are DENIED. As a result of the foregoing, Petitioner's [159] Motion to Reduce Sentence – USSC Amendment, [173] Motion is Clarify, [210] Motion to Clarify and Object to Court Order dated

11

5/27/21, [211] Motion to Clarify and Object to Court Order dated 5/25/21, [212] Motion to Clarify and Object to Court Order dated 6/20/21, and [214] Motion to Clarify and Object to Court Order dated 6/9/21 are MOOT. The Court declines to issue a Certificate of Appealability. This case is now TERMINATED, and the Clerk of Court is instructed to close civil case number 20-1409.

ENTERED on July 7, 2021.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge